IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER 1997 SESSION



FILED

September 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| LAIRD PAYNE, also known as MICHAEL GREGG, | ) ) ) | No. 02-C-01-9611-CR-00394 |
| APPELLANT, | ) ) | Shelby County |
| v. | ) ) | Bernie Weinman, Judge |
| STATE OF TENNESSEE, | ) ) | (Post-Conviction) |
| APPELLEE. | ) ) | |

FOR THE APPELLANT:

Laird Payne, Pro Se
Northwest Correctional Center
Route 1, Box 660
Tiptonville, TN  38079

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN  37243-0497

Georgia Blythe Felner
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN  38103

Glen C. Baity
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN  38103

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Laird Payne, also known as Michael Gregg, (petitioner), appeals as of right from a judgment of the trial court summarily dismissing his suit for post-conviction relief. The trial court dismissed the proceeding because it was barred by the statute of limitations.

The petition states upon its face that the petitioner was convicted of aggravated rape on February 4, 1987 and sentenced to confinement for sixty (60) years in the Department of Correction. His appeal as of right to this Court resulted in his conviction and sentence being affirmed on December 9, 1987. The Supreme Court denied the petitioner's application for permission to appeal on April 4, 1988. The petitioner did not file the present suit until August 12, 1996, more than eight (8) years after the final action of the Supreme Court.

The petitioner contends the sentence imposed was illegal and he was denied the effective assistance of counsel. The right to litigate these issues is barred by the statute of limitations. There is nothing contained in the petition or attached to the petition which establishes the sentence imposed was illegal.

After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this Court that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
DAVID H. WELLES, JUDGE



_____
JOE G. RILEY, JUDGE

2